UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE FELIX,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN CASEY et al.,<br><br>    Defendants. | No. 2:18-cv-3185 KJM AC P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se who has paid the filing fee, seeks relief pursuant to 42 U.S.C. § 1983. The case involves medical care provided at San Joaquin General Hospital, Mule Creek State Prison, Salinas Valley State Prison, and the California Medical Facility. The First Amended Complaint, ECF No. 7, is before the court for screening.

I.    Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

II. Allegations of the First Amended Complaint

The First Amended Complaint names twenty defendants and asserts that all violated plaintiff's Eighth Amendment rights by providing inadequate medical care and/or subjecting plaintiff to injury and pain that amount to cruel and unusual punishment. Plaintiff challenges the care he received at various institutions related a 2017 knee replacement and its aftermath. Named defendants include San Joaquin General Hospital and four of its employees; Mule Creek State Prison and five members of its medical staff; Salinas Valley and two members of its medical staff; the California Medical Facility and two members of its medical staff; CDCR's Health Care Services; and the State of California. The complaint does not set forth separate claims against individual defendants or groups of defendants; it provides a single narrative of the medical care that plaintiff believes was inadequate throughout.

Plaintiff alleges in sum as follows. Dr. Casey of SJGH performed a total knee replacement on plaintiff in May 2017. The SJGH defendants installed the wrong artificial knee and introduced an infection. For eleven months thereafter, the SJGH defendants took no action to address plaintiff's pain and infection. During the same period plaintiff was denied care, including antibiotics and pain medication, by medical staff at Mule Creek State Prison. In March of 2018 plaintiff was returned to SJGH from MCSP. Dr. Casey performed a second surgery in April 2018 to address a bone infection at the site of the knee replacement. Plaintiff was then transferred to SVSP for long-term intravenous antibiotic treatment. From April 2018 to September 2018, the SVSP defendants withheld care and treatment including pain medication, physical therapy and medical equipment. From September 2018 to April 2019, the CMF defendants withheld care and treatment including pain medication and medical equipment. Plaintiff ultimately had a third surgery to re-do the knee replacement; it is unclear to the court exactly when and where this final surgery took place. The botched knee replacement and poor follow-up care at all institutions have cost plaintiff the full use of his knee as well as causing him pain and suffering.

III. Failure to State a Claim

A. The State of California and Its Agencies Are Immune from Suit

The Eleventh Amendment prohibits federal courts from hearing suits brought by private

citizens against state governments in most cases. Hans v. Louisiana. 134 U.S. 1, 15 (1890); Pennhurst v. Halderman, 465 U.S. 89, 98-99 (1984). This immunity extends to state agencies, including CDCR. Brown v. Cal. Dep't of Corr., 554 F.3d 747, 752 (9th Cir. 2009). Not only are the State of California, the Department of Corrections and Rehabilitation and its Health Care Services division, and CDCR's individual facilities immune from suit, they are not "persons" who can be liable under 42 U.S.C. § 1983. See Will v. Mich. State Dep't of Police, 491 U.S. 58, 71 (1989). Accordingly, all claims fail as to the state entity defendants. This is not a defect that can be cured by amendment.

### B. Private Entities and Doctors Cannot Be Sued Under Section 1983

Section 1983 claims do not lie against purely private entities or against persons who are not acting on behalf of the state. West v. Atkins, 487 U.S. 42, 58 (1988). As a general matter, private hospitals and doctors are not state actors and therefore cannot be sued under § 1983. See Briley v. California, 564 F.2d 849, 855-856 (9th Cir. 1977). Plaintiff alleges in conclusory terms that SJGH and the related defendants acted as "agents" of CDCR, but this allegation is not enough to support liability. Plaintiff must plead facts demonstrating that the actions of the non-CDCR defendants are attributable to the state. Grijalva v. Shalala, 152 F.3d 1115, 1119 (9th Cir. 1998), vacated on other grounds, 526 U.S. 1096 (1999); Lopez v. Dep't of Health Servs., 939 F.2d 881 (9th Cir. 1991) (per curiam) (finding contract with the state for provision of services sufficient).

### C. Plaintiff's Allegations Fail to State a Claim for Relief Against Any Defendant

In order to state a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, a plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 299 (1991). The requisite state of mind is "deliberate indifference." Hudson v. McMillian, 503 U.S. 1, 4 (1992). Deliberate indifference is more than negligence or medical malpractice; it requires that the defendant subjectively knew of, and disregarded, a substantial risk of serious

harm from his acts or omissions.  Farmer v. Brennan, 511 U.S. 825, 835-837 (1994).

With the sole exception of Dr. Casey, the surgeon who performed plaintiff's knee replacement and follow-up surgery, the FAC does not specify the acts of any defendants that are alleged to have violated plaintiff's rights.  The general allegations that various groups of defendants "withheld care" are too vague to state a claim for relief.  Plaintiff must specify the particular acts or omissions of each defendant that establish their liability, including the serious medical need that was presented at that time, what the defendant did and/or failed to do regarding that need, and the facts showing that the defendant understood but disregarded the serious risk of further harm to plaintiff from his or her actions.  Plaintiff must also plead facts demonstrating harm from the actions of particular defendants, rather than globally alleging harm from the cumulative course of treatment.  See Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006) (harm caused by doctor's failure to timely obtain orthopedic consultation for inmate's broken finger).

The FAC does not state facts as to any of the individual defendants, including Dr. Casey, that demonstrate a deliberately indifferent state of mind.  The fact that plaintiff experienced a hospital-acquired infection, while extremely unfortunate, does not without more indicate negligence by any defendant, let alone support deliberate indifference.  Similarly, the failure of a joint replacement or the poor outcome of a course of treatment does not support an inference that any defendant made unacceptable medical choices or acted with a culpable state of mind.

Plaintiff will be given the opportunity to amend.

IV. Leave to Amend

If plaintiff chooses to file a second amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official

////

5

participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a second amended complaint, the previous complaints no longer serve any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

V. Plain Language Summary of this Order for a Pro Se Litigant

The First Amended Complaint will not be served because the facts you have alleged are not enough to state a claim for relief. You cannot sue the State of California, CDCR, or any CDCR division or institution; you may however bring claims against individual medical personnel who work(ed) for CDCR. It is not clear that you can maintain a § 1983 case against the doctors at SJGH. You need to explain the relationship between SJGH and CDCR, to show that the doctors were acting on behalf of the state just like CDCR doctors. As to the individual health care providers, a claim can only go forward if it identifies exactly what a particular person did or did not do that violated your rights. Overall bad medical care or bad outcomes is not enough. As to each individual defendant you want to sue, you must provide facts showing that (1) you had a serious medical need when you encountered him or her, and (2) the defendant subjectively knew about but disregarded a serious risk of harm to you, (3) causing you further injury or suffering.

If you choose to amend your complaint, the Second Amended Complaint must include all of the claims you want to make because the court will not look at the claims or information in the original complaint. **Any claims not in the Second Amended Complaint will not be considered.**

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint has been screened and found not to state any claim for relief.

2. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order will result in dismissal of this action.

3. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: May 28, 2021

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE