UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE FELIX,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN CASEY, et al.,<br><br>　　　　Defendants. | No. 2:18-cv-3185 KJM AC P<br><br><br>ORDER |

　　　　Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel. ECF No. 12. In support of the request, plaintiff states that he cannot afford counsel, that he has difficulty reading and understanding English, which is his second language, and that he has a TABE score of 3.4. See generally id.

　　　　The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990)

　　　　The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). The law is clear:

neither plaintiff's indigence, nor his lack of education, nor his lack of legal expertise warrant the appointment of counsel.  See Wood, 900 F.2d at 1335-36; see also Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984).  Moreover, the record indicates that since the initial filing of this case in 2018, plaintiff has managed to file a number of cogent, key documents, including, but not limited to, a request for status as well as first and second amended complaints.  See ECF Nos. 6, 7, 11.  Therefore, plaintiff appears to be able to adequately manage this action despite a lower TABE score and/or any difficulties he may have reading and understanding English.  For these reasons, the court does not find the required exceptional circumstances.

      Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 12) is DENIED.

DATED: August 2, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2