UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE FELIX, | No. 2:18-cv-3185 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| JOHN CASEY, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 23, 2022, plaintiff filed a "rebuttal to defendant's unacceptable interrogatories statements," claiming that defendant Casey's responses to plaintiff's first set of interrogatories were in bad faith. ECF No. 38. Plaintiff seeks relief including rejection of defendant's discovery responses, ruling in plaintiff's favor, and the appointment of counsel and of a Spanish language interpreter at trial. Id. at 3. The filing is construed as a motion and will be denied.

Although plaintiff refers to "defendants" throughout his motion, the attached interrogatory responses are those of defendant John Casey, M.D. Id. at 4-16. Plaintiff contends that these responses constitute "known hearsay" and contain "unreliable information," and that defendant has "knowingly lied." Id. at 2. Plaintiff further argues that Dr. Casey's responses are "in direct contravention of . . . [Federal Rules of Civil Procedure] . . . 26 and 33." ECF No. 38 at 1.

1

Plaintiff does not seek to compel further responses, however. To the contrary, he expressly asks the court to forbid any further discovery responses. Id. at 3.

The deadline to file any discovery-related motions was March 11, 2022. ECF No. 27 at 6. To the extent that this motion should be construed as a motion to compel discovery or for discovery sanctions, it must be denied as untimely. Moreover, plaintiff has not identified any way in which the disputed responses violate the applicable Rules. To the extent that plaintiff believes that Rule 26 required Dr. Casey to automatically disclose certain information to him prior to a discovery request, Rule 26(a)(1)(B)(iv) states that actions brought without an attorney by a person in state custody are exempt from the initial disclosure requirement. To the extent plaintiff suggests that the content of Dr. Casey's interrogatory responses violated Rule 33(b)(3)-(4), the court disagrees. The responses that plaintiff has provided follow the format required by that rule as well as the parallel directives of Local Rule 250.2(a)-(b).

Plaintiff's hearsay objections may be asserted as appropriate in opposition to a motion for summary judgment, but they provide no basis for the relief sought here. Plaintiff's challenge to the veracity of Dr. Casey's responses is entirely conclusory. There has been no showing of bad faith. If plaintiff wishes to proffer testimony or other facts disputing the veracity of the discovery responses, he may do so in opposition to any motion for summary judgment that relies on Dr. Casey's factual assertions. The motion now before the court, however, does not provide any basis for the relief sought.

To the extent that plaintiff seeks appointment of counsel and a Spanish language interpreter for trial, the motion is premature. The dispositive motions deadline in this case is June 3, 2022, ECF No. 27 at 6, and it is therefore too soon to tell whether this case will proceed to trial. Any trial-related requests may be made if and when a trial is scheduled.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to reject defendant Casey's discovery responses and for miscellaneous relief (ECF No. 38) is DENIED.

DATED: May 31, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE