UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE FELIX,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOHN CASEY, et al.,<br><br>　　　　　Defendants. | No. 2:18-cv-3185 KJM AC P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel and/or an extension of time to have counsel appointed to him off the court's pro bono attorney list. ECF No. 53 at 1-3.[1] In support of the motion, plaintiff states in part that he cannot "meet the demands" in defendant Casey's reply to his opposition to defendant Casey's motion for summary judgment; that he is unable to afford counsel; that the prison law library is antiquated; that he has no formal legal training, and that English is his second language. Id. at 2.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the

////

---

[1] Attached to the motion is an unauthorized surreply in opposition to defendant Casey's motion for summary judgment. ECF No. 53 at 4-9.

1

voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff has thus far satisfactorily managed his case without legal assistance, and he appears to have no difficulty communicating in writing in English.  As for plaintiff's professed inability to "comply" with the "demands" in defendant Casey's reply, that reply makes no demands of plaintiff.  It is simply a response to plaintiff's opposition to defendant Casey's motion for summary judgment.  See generally ECF No. 49.  Furthermore, plaintiff need not—and has no right to—file a response to defendant Casey's reply.  See Local Rule 230(m) (briefing of motions concludes with moving party's reply).  For all these reasons, the motion will be denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 53) is DENIED.

DATED: August 18, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE