UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE FELIX, | No. 2:18-cv-3185 DAD AC P |
| Plaintiff, | |
| v. | ORDER |
| JOHN CASEY, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel.[1] ECF No. 56.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

In support of plaintiff's appointment of counsel motion, he points out that the motion has been prepared by an inmate who is untrained (presumably in the law); that he will no longer be able to receive said inmate's help with his case due to programming issues; that English is his second language; that the prison law library is inadequate and has limited hours, and that the

---

[1] This is plaintiff's fourth request for the appointment of counsel, the most recent of which was filed and denied less than six weeks ago. See ECF Nos. 12, 38, 53, 54, 56.

librarians there are unable to give legal advice. ECF No. at 1-2. As a result, he asks for the appointment of counsel, or in the alternative, to be placed on the court's pro bono list for counsel appointment. Id. at 2. He contends that receiving counsel will ensure that his rights are not violated. Id.

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

A review of the motion indicates that plaintiff's situation has not changed much since he filed the last request for appointment of counsel. Compare ECF No. 53, with ECF No. 56. Furthermore, despite the fact that plaintiff does not have access to everything that he believes he should in order to litigate this case, to date, he has been able to proceed with it in a satisfactory manner. Therefore, the court finds that the required exceptional circumstances do not exist.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 56) is DENIED.

DATED: September 20, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE